UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In Re:

AMARJIT KAUR SINGH a/k/a
AMARJIT K. PAWAR,                               Chapter 7
                                                Case No.:108-47147-608
                    Debtor.
-------------------------------------------------------X

**APPLICATION IN SUPPORT OF AN ORDER DETERMINING NON-CONSENSUAL LIENS FILED AGAINST PROPERTY LOCATED AT 930 HEMPSTEAD TURNPIKE, FRANKLIN SQUARE, NEW YORK 11510, TO BE VOID AS WHOLLY UNSECURED AND RECLASSIFYING UNDERLYING CLAIMS AS UNSECURED CLAIMS**

TO:   THE HONORABLE CARLA E. CRAIG
      CHIEF UNITED STATES BANKRUPTCY JUDGE

Richard J. McCord, the Chapter 7 trustee for the Estate of Amarjit Kaur Singh a/k/a Amarjit K. Pawar (the "Trustee"), by his counsel, Certilman Balin Adler & Hyman, LLP, in support of his motion ("Motion") for an order pursuant to Sections 506(a)(1) and 506(d) of Title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 3012 (a) determining that the non-consensual judicial liens held by (i) Chase Manhattan Bank (JP Morgan Chase) in the amount of $27,502.77 (ii) Citicorp, N.A. in the amount of $7,108.70 (iii) Arrow Financial Services, LLC in the amount of $9,085.74, totaling $43,697.21 (collectively, the "Avoided Liens"), against the Debtor's non-residential real property located at 930 Hempstead Turnpike, Franklin Square, New York 11510, are void as they are wholly unsecured; (b) reclassifying the claims underlying the Avoided Liens as unsecured claims against the Chapter 7 Estate and directing the holders of the Avoided Liens to file proofs of claim within thirty (30) days from the entry of an Order resolving this motion; and, (c) for such other, further and different relief as this Court deems just, proper and equitable. In support of the Motion, the Trustee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Reference Order of Cases to Bankruptcy Judges for the Eastern District of New York. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b). The statutory and other predicates for the relief sought herein are Sections 506(a)(1) and 506(d) of the Bankruptcy Code and Bankruptcy Rule 3012.

## BACKGROUND FACTS

2. On October 24, 2008 ("Filing Date"), Amarjit Kaur Singh a/k/a Amarjit K. Pawar (the "Debtor") filed a voluntary Chapter 7 petition.

3. The Debtor was examined by the Trustee at the §341A Meeting of Creditors held on November 24, 2008.

4. At the time of the bankruptcy filing, the Debtor owned 100% interest in the real property located at 930 Hempstead Turnpike, Franklin Square, New York 11010 (the "Franklin Square Property"). By virtue of the filing, the Franklin Square Property vested with the Trustee as an asset of the Chapter 7 estate pursuant to Section 541 of the Bankruptcy Code.

5. The Trustee and Excel Capital Group, Corp. ("Excel"), the secured lender, entered into a Stipulation and Order Granting a Carve Out Pursuant to 11 U.S. C. §506(c) for Trustee's Commissions and Compensation of the Trustee's Professionals, for the Trustee to proceed with the sale of the Franklin Square Property. The Stipulation provides that the Trustee receive his commissions and expenses, compensation to the Trustee's attorneys not to exceed $10,000.00, three percent (3%) compensation of the sales price to the Trustee's real estate broker, as well as a sum sufficient to make a ten percent (10%) distribution on account of the timely filed and allowed unsecured proofs of claim (collectively, the "Carve-Out Amount"). The Stipulation was "So Ordered" on February 20, 2009. Annexed hereto as "Exhibit A" is a copy of said Stipulation.

6. On May 4, 2009, a Notice to Creditors and Other Parties in Interest of Trustee's Intended Sale was filed with the Court, scheduled an auction to be held on June 3, 2009 in connection with the Franklin Square Property, to be held by and through the Trustee's auctioneer, David R. Maltz & Co.

7. On June 3, 2009, the auction sale was held and the highest bid was $310,000.00. The highest bidder from the sale has defaulted and is unable to close title to the Franklin Square Property. The Trustee received an offer from the second highest bidders for the sum of $261,000.00. Therefore, the Trustee directed that another auction sale be conducted on July 13, 2009. On June 23, 2009, the auction sale was re-noticed on all creditors, parties in interest and all bidders that attended the first auction sale. The auction sale was held on July 13, 2009 and the winning bid was from the second highest bidder. No other parties appeared or submitted a bid. The Trustee has received the deposit in connection with this sale.

8. Excel holds a first mortgage against the Franklin Square Property. Pursuant to the payoff dated July 13, 2009, Excel is owed in excess of $253,552.64. As discussed above, the highest offer received by the Trustee to purchase the Franklin Square Property is $261,000.00. The Trustee has obtained a title report which reflects non-consensual judicial liens on the Franklin Square Property. There is a lien held by Chase Manhattan Bank (JP Morgan Chase), perfected on February 23, 2004, in the amount of $27,502.77, a lien held by Citicorp, N.A., perfected on February 25, 2005, in the amount of $7,108.70 and a lien held by Arrow Financial Services, LLC, perfected on August 16, 2007, in the amount of $9,085.74. These additional liens, besides the secured claim of the mortgagee, total $43,697.21. Annexed hereto as "Exhibit B" is the portion of the title report which reflects these judgment liens. In addition to the mortgage, there are taxes due and owing to the Nassau County Treasurer for school taxes in the amount of $5,651.32, plus arrears in the amount of $3,408.67, and town taxes in the amount of $5,343.05, for a total of $14,403.04.

9. As discussed above, the highest offer received by the Trustee to purchase the Franklin Square Property is $261,000.00, which is insufficient to satisfy all liens on the Real Property. The first mortgage, the back taxes, plus the Trustee's commissions, cost and fees, the Trustee's attorneys costs and fees and the costs and fees for David Maltz & Co. is approximately $11,043.33, which does not leave a balance to apply to the other liens and/or judgments on the Franklin Square Property.

## RELIEF REQUESTED

10. Based upon the foregoing, the liens and the administrative claims relating to the Franklin Square Property significantly exceed the offer of $261,000.00, which is the highest offer received by the Trustee to purchase the Franklin Square Property. To date, administrative expenses, which include the Trustee's commissions, cost and expenses, attorney's fees and costs and the commissions and expenses of David Maltz & Co are estimated at $11,043.33 upon completion of the sale. Therefore, the Trustee seeks an Order: (a) expunging, reducing and/or reclassifying the lien held by (i) Chase Manhattan Bank (JP Morgan Chase) in the amount of $27,502.77 (ii) Citicorp, N.A., in the amount of $7,108.70 (iii) Arrow Financial Services, LLC in the amount of $9,085.74, totaling $43,697.21 against the Franklin Square Property; (b) pursuant to Section 506(a)(1) and 506(d) of the Bankruptcy Code and Bankruptcy Rules 3012, expunging, reducing and/or reclassifying any and all liens against the Franklin Square Property that exceed the value of the Property; and (c) for such other, further and different relief as this Court deems just and proper. A list of the liens that the Trustee seeks to expunge, reduce and/or reclassify is annexed hereto as "Exhibit C".

## BASIS FOR RELIEF REQUESTED

11. Section 506(a)(1) of the Bankruptcy Code provides, in pertinent part, as follows:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest. . . . Such value shall be determined in light of the purpose of the valuation and of the proposed

4

disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a)(1).

12. Based on a purchase price of $261,000.00 for the Franklin Square Property, there is insufficient value to pay in full the first mortgagee's secured claim in the amount of at least $253,552.64 and the costs of sale. Consequently, there is no value at all from which to pay the non-consensual judicial liens of JP Morgan Chase, Citibank, N.A. and Arrow Financial Services, LLC. Consequently, pursuant to Section 506(a)(1) of the Bankruptcy Code, each of the claims underlying the non-consensual judicial liens are wholly unsecured.

13. Based on the foregoing, it is respectfully requested that the Court enter an Order reclassifying the claims of JP Morgan Chase, Citibank, N.A. and Arrow Financial Services, LLC attributable to their respective non-consensual judgment liens as general unsecured claims against the estate and directing each of them to file a proof of claim within thirty (30) days of the entry of an Order granting this Motion.

14. Section 506(d) of the Bankruptcy Code provides as follows:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
>
> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
>
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506(d).

15. In the instant case, the liens of JP Morgan Chase, Citibank, N.A. and Arrow Financial Services, LLC each secures a claim against the Debtor that is not an allowed secured claim, and the exceptions set forth in the statute do not apply. Consequently, it is respectfully requested that the Court enter an Order determining the non-consensual judgment liens to be void. See <u>In re Howard</u>, 184 B.R. 644 (Bankr. E.D.N.Y. 1995) (Notwithstanding *Dewsnup*

prohibition against "strip downs" in Chapter 7 cases, Sections 506(a)(1) and 506(d) applied to allow Chapter 7 debtor to avoid non-consensual judicial lien on debtor's residence, which, by virtue of large first mortgage, was wholly unsecured.)

16. Pursuant to Bankruptcy Rule 3012, the foregoing relief may be obtained by motion rather than adversary proceeding. See <u>In re Leibowitz</u>, 147 B.R. 341, (Bankr. S.D.N.Y. 1992) ("Valuation of liens, as distinguished from determining basis or validity of lien, may be determined by motion under Federal Rules of Bankruptcy Procedure").

17. Based upon the foregoing, the Trustee respectfully requests that this Court enter an order granting the relief requested herein.

## **MISCELLANEOUS**

18. No prior application has been made to this Court of competent jurisdiction for the relief requested herein.

19. As there are no novel issues of law presented by this motion, the Trustee respectfully requests that this Court waive E.D.N.Y.-LBR 9013-1(b) requiring that a separate memorandum of law be submitted in connection with this Application.

**WHEREFORE**, it is respectfully requested that the Court enter an Order pursuant to Sections 506(a)(1) and 506(d) of the Bankruptcy Code and Bankruptcy Rules 3012 (a) determining that the non-consensual judicial liens held by (i) Chase Manhattan Bank (JP Morgan Chase) in the amount of $27,502.77 (ii) Citicorp, N.A. in the amount of $7,108.70 (iii) Arrow Financial Services, LLC in the amount of $9,085.74, totaling $43,697.21 against the Debtor's non-residential real property located at 930 Hempstead Turnpike, Franklin Square, New York 11510, are void as they are wholly unsecured; (b) reclassifying the claims underlying the Avoided Liens as unsecured claims against the Chapter 7 Estate and directing the holders of the

Avoided Liens to file proofs of claim within thirty (30) days of the entry of an Order resolving this Motion; and, (c) for such other, further and different relief as this Court deems just, proper and equitable.

DATED: East Meadow, New York
        August 21, 2009

                                **CERTILMAN BALIN ADLER & HYMAN, LLP**
                                Counsel to the Chapter 7 Trustee

                BY:    /s/ Richard J. McCord
                                RICHARD J. MCCORD, ESQ. (RJM3290)
                                90 Merrick Avenue
                                East Meadow, New York 11554
                                (516) 296-7000