Richard J. McCord, Esq. (RJM 3290)
Carol A. Glick, Esq. (CAG 2675)
CERTILMAN BALIN ADLER & HYMAN, LLP
Attorneys for the Trustee
90 Merrick Avenue
East Meadow, NY 11554
Phone: (516) 296-7000
Fax: (516) 296-7111

11-6188872

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In Re:

AMARJIT KAUR SINGH a/k/a
AMARJIT K. PAWAR,	Chapter 7
	Case No.:108-47147-608

       Debtor.
-------------------------------------------------------X

**APPLICATION IN SUPPORT OF AN ORDER AUTHORIZING THE TRUSTEE TO RETAIN AS LIQUIDATED DAMAGES THE DEPOSIT PAID BY THE DEFAULTING SUCCESSFUL BIDDER AT FIRST AUCTION SALE OF REAL PROPERTY LOCATED AT 930 HEMPSTEAD TURNPIKE, FRANKLIN SQUARE, NEW YORK 11510, AND DEEMING SUCH FORFEITED DEPOSIT <u>PROPERTY OF THE ESTATE</u>**

**TO: THE HONORABLE CARLA E. CRAIG
    CHIEF UNITED STATES BANKRUPTCY JUDGE**

   Richard J. McCord, the Chapter 7 trustee for the Estate of Amarjit Kaur Singh a/k/a Amarjit K. Pawar (the "Trustee"), by his counsel, Certilman Balin Adler & Hyman, LLP, in support of his motion ("Motion") for an order pursuant to Sections 105(a), 363 and 541(a) of Title 11 of the United States Code ("Bankruptcy Code") and Bankruptcy Rule 9014 ("Bankruptcy Rules") (i) authorizing the Trustee to retain as liquidated damages the Fifteen Thousand ($15,000.00) Dollar Deposit paid by Shivanand Kalipersadsingh, the defaulting Successful Bidder (sometimes referred to herein as the "Defaulting Successful Bidder") at the June 3, 2009 auction sale ("First Auction Sale") of Debtor's real property located at 930

Hempstead Turnpike, Franklin Square, New York 11510, pursuant to the Terms and Conditions of Sale executed by the Defaulting Successful Bidder on June 3, 2009; (ii) deeming the Deposit paid by the Defaulting Successful Bidder (the "Forfeited Deposit") to be property of the estate which may be administered by the Trustee; and (iii) for such other, further and related relief as may be just, proper and equitable. In support of the Motion, the Trustee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Reference Order of Cases to Bankruptcy Judges for the Eastern District of New York. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b). The statutory and other predicates for the relief sought herein are Sections 105(a), 363 and 541(a) of the Bankruptcy Code and Bankruptcy Rule 9014.

## BACKGROUND FACTS

2. On October 24, 2008 ("Filing Date"), Amarjit Kaur Singh a/k/a Amarjit K. Pawar (the "Debtor") filed a voluntary Chapter 7 petition.

3. 3. The Debtor was examined by the Trustee at the §341A Meeting of Creditors held on November 24, 2008.

4. At the time of the bankruptcy filing, the Debtor owned 100% interest in nonresidential real property located at 930 Hempstead Turnpike, Franklin Square, New York 11010 (the "Franklin Square Property"). By virtue of the filing, the Franklin Square Property vested with the Trustee as an asset of the Chapter 7 estate pursuant to Section 541 of the Bankruptcy Code.

5. The Trustee and Excel Capital Group, Corp. ("Excel"), the secured lender, entered into a Stipulation and Order Granting a Carve Out Pursuant to 11 U.S. C. §506(c) for

Trustee's Commissions and Compensation of the Trustee's Professionals, for the Trustee to proceed with the sale of the Franklin Square Property. The Stipulation provides that the Trustee receive his commissions and expenses, compensation to the Trustee's attorneys, not to exceed $10,000.00, three percent (3%) compensation of the sales price to the Trustee's real estate broker, as well as a sum sufficient to make a ten percent (10%) distribution on account of the timely filed and allowed unsecured proofs of claim (collectively, the "Carve-Out Amount"). The Stipulation was "So Ordered" on February 20, 2009.

6. On May 4, 2009, pursuant to Section 363 of the Bankruptcy Code, Bankruptcy Rule 6004 and E.D.N.Y. LBR 6004-1, a Notice to Creditors and Other Parties in Interest of Trustee's Intended Sale was filed with the Court, scheduling the First Auction Sale of the Franklin Square Property for June 3, 2009, to be held by and through the Trustee's auctioneer, David R. Maltz & Co., together with a proof of service. A copy of said notice and proof of service is annexed hereto as Exhibit "A."

7. On June 3, 2009, the First Auction Sale was held and Shivanand Kalipersadsingh proffered the highest bid in the amount of $310,000.00, and remitted a Deposit of Fifteen Thousand ($15,000.00) Dollars. Shivanand Kalpersadsingh has defaulted and is unable to close title to the Franklin Square Property.

8. On June 3, 2009, the Defaulting Highest Bidder received a copy of the Terms and Conditions of Sale, and by executing a copy thereof indicated that he had read same and agreed to be bound by said Terms and Conditions of Sale. A copy of the Terms and Conditions of Sale, executed by Shivanand Kalipersadsingh, is annexed hereto as Exhibit "B."

9. Paragraph 8 of the Terms and Conditions of Sale expressly provides in pertinent part as follows:

> In connection with the Closing and Closing Date, the Successful Bidder is hereby given notice that **Time is of the Essence Against the Successful Bidder and the failure of the Successful Bidder to close for any reason whatsoever (except as otherwise provided below) including its failure to pay the balance of the Purchase Price on the Closing Date, will result in the Trustee retaining the Deposit as liquidated damages and the termination of the Successful Bidder's right to acquire the property under these Terms and Conditions of Sale**.

Terms and Conditions of Sale, ¶ 8 (emphasis in original).

10. Based on the Defaulting Successful Bidder's willful refusal to close the First Auction Sale under the Terms and Conditions of Sale, the Trustee was required to request David R. Maltz & Co. to re-notice and conduct a second auction sale on July 13, 2009, which notice ("Second Notice of Sale") was provided to all creditors, parties in interest and all bidders that attended the First Auction Sale. A copy of the Second Notice of Sale is annexed hereto as Exhibit "C." The highest bid at the Second Auction Sale was $261,000.00. Based on the willful refusal of the Defaulting Successful Bidder to close the sale based on the Successful Bid of $310,000.00 and the costs incurred by the Trustee in connection with conducting a second auction sale of the Franklin Square Property, the estate has been damaged in an amount far in excess of the Fifteen Thousand ($15,000.00) Dollar Deposit.

11. As stated above, the Successful Bid at the second auction sale was $261,000.00. Excel holds a first mortgage against the Franklin Square Property. Pursuant to the payoff dated July 13, 2009, Excel is owed in excess of $253,552.64. In addition, there are judicial liens filed against the Franklin Square Property totaling $43,697.21.[1] In addition, there are taxes due and owing to the Nassau County Treasurer for school taxes in the amount of $5,651.32, plus arrears in the amount of $3,408.67, and town taxes in the amount of $5,343.05,

---

[1] The Trustee has filed a motion for an Order determining the judicial liens to be void as they are wholly unsecured based on the value of the Franklin Avenue Property and reclassifying the claims underlying said judicial liens as general unsecured claims against the estate, which motion is scheduled to be heard on September 17, 2009.

for a total of $14,403.04. The Trustee's attorneys' fees have increased because he has had to commence the instant motion and a motion for an Order determining the judicial liens to be void as they are wholly unsecured by the value of the Franklin Square Property and reclassifying the underlying claims as general unsecured claims against the estate. The Trustee's costs of sale have also increased as the auctioneer has had to re-notice and conduct a second auction sale of the Franklin Square Property. In short, because of the default of the Defaulting Successful Bidder, the purchase price of the Franklin Square Property is insufficient to satisfy all liens, claims and encumbrances in and to the property and the Trustee's costs of sale.

12. By letter dated August 21, 2009, the Trustee has notified Shivanand Kalipersadsingh that he is in default under the Terms and Conditions of Sale and that the Trustee will be retaining the Deposit as liquidated damages. A copy of the letter is annexed hereto as Exhibit "D."

## BASIS FOR RELIEF REQUESTED

13. Pursuant to Section 363 of the Bankruptcy Code, Bankruptcy Rule 6004 and E.D.N.Y. LBR 6004-1, the Trustee scheduled the First Auction Sale of the Franklin Square Property for June 3, 2009. No objections were filed with respect to such Notice of Sale. An auction sale of the Franklin Square Property was duly held on June 3, 2009, at which Shivanand Kalipersadsingh tendered the highest bid. Shivanand Kalipersadsingh read and agreed to be bound by the Terms and Conditions of Sale, which provided that the Deposit was to be forfeited upon a default.

14. Shivanand Kalipersadsingh defaulted under the Terms and Conditions of Sale, and the Trustee provided notice of said default to the Defaulting Successful Bidder and of

the Trustee's intention to retain the Fifteen Thousand Dollar ($15,000.00) Deposit as liquidated damages, as provided in the Terms and Conditions of Sale.

15. It is respectfully submitted that the Trustee has taken all appropriate action pursuant to the Terms and Conditions of Sale to provide notice of the default to the Defaulting Successful Bidder and, therefore, the Trustee respectfully requests the Court to enter an Order, pursuant to Sections 105(a), 363 and 541(a) of the Bankruptcy Code and Bankruptcy Rule 9014, authorizing the Trustee to retain the Deposit as liquidated damages and deeming such forfeited Deposit to be property of the estate available for distribution to creditors, and for such other, further and related relief as may be just, proper and equitable.

## **MISCELLANEOUS**

16. No prior application has been made to this Court of competent jurisdiction for the relief requested herein.

17. As there are no novel issues of law presented by this motion, the Trustee respectfully requests that this Court waive E.D.N.Y.-LBR 9013-1(b) requiring that a separate memorandum of law be submitted in connection with this Application.

**WHEREFORE**, it is respectfully requested that the Court enter an Order. pursuant to Sections 105(a), 363 and 541(a) of the Bankruptcy Code and Bankruptcy Rule 9014 (i) authorizing the Trustee to retain the Deposit as liquidated damages; (ii) deeming such forfeited

Deposit to be property of the estate available for distribution to creditors; and (iii) for such other, further and related relief as may be just, proper and equitable.

DATED: East Meadow, New York
August 28, 2009

        **CERTILMAN BALIN ADLER & HYMAN, LLP**
        Counsel to the Chapter 7 Trustee

    BY:   /s/ Richard J. McCord
           RICHARD J. MCCORD, ESQ. (RJM 3290)
           90 Merrick Avenue
           East Meadow, New York 11554
           (516) 296-7000