**BERKMAN, HENOCH, PETERSON & PEDDY, P.C.**
Attorneys for Excel Capital Group Corp.
100 Garden City Plaza
Garden City, New York 11530
(516) 222-6200
Bruce D. Mael (BM 8038)

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Return Date: 9/17/09 |
| EASTERN DISTRICT OF NEW YORK | Time: 11:30 a.m. |

-----------------------------------------------------------X
IN RE:                                           Chapter 7

      AMARJIT KAUR SINGH,              Case No. 08-47147-CEC

                          Debtor
-----------------------------------------------------------X

**OBJECTION OF EXCEL CAPITAL GROUP CORP.
TO TRUSTEE'S MOTION TO RETAIN DOWN-PAYMENT
BY DEFAULTING SUCCESSFUL BIDDER AS LIQUIDATED
DAMAGES AND DEEMING SUCH FORFEITED DEPOSIT
<u>TO BE PROPERTY OF THE ESTATE</u>**

**TO:   THE HONORABLE CARLA E. CRAIG,
        CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Excel Capital Group Corp. ("Excel"), a secured creditor of the above-captioned Debtor, by its attorneys Berkman, Henoch, Peterson & Peddy, P.C., hereby objects to the Motion ("Motion") of Richard McCord, as Chapter 7 Trustee of the Estate of Amarjit Kaur Singh ("Trustee") for an order, *inter alia,* authorizing the Trustee to retain as liquidated damages the $15,000.00 deposit ("Deposit") paid by Shivananad Kalipersadsingh (the "Defaulting Bidder"), the defaulting successful bidder at the June 3, 2009 auction sale ("First Auction Sale") of the Debtor's real property located at 930 Hempstead Turnpike, Franklin Square, New York (the "Premises"), and deeming the Deposit to be property of the Estate which may be administered by the Trustee. In furtherance thereof, Excel respectfully sets forth and alleges as follows:

## BACKGROUND

1. Excel is the holder by assignment of a Note and Mortgage dated April 10, 2006, given by the Debtor in the original principal amount of $165,000.00, pledging the Premises as security. A copy of the Note, Mortgage and Assignment are annexed hereto as Exhibit "A".

2. As of the date set forth herein, Excel is owed in excess of $256,166.14 on account of said mortgage lien. A copy of Excel's most recent payoff letter, dated August 24, 2009, is annexed hereto as Exhibit "B".

3. The Motion accurately sets forth the history of the auction process regarding the first auction and the Defaulting Bidder's default, as well as the second auction sale which realized a successful bid of $261,000.00, less than the successful bid of $310,000.00 at the first auction.

4. By this Motion, the Trustee now asserts that the Deposit should be retained by the Trustee as liquidated damages based on the Defaulting Bidder's default and that the Deposit should be deemed property of the estate based on the terms and conditions of sale (Exhibit "B" to Motion).

## THE OBJECTION

5. Excel objects to the Motion because, notwithstanding the Trustee's assertions, the Deposit constitutes "proceeds of [Excel's] collateral" within the meaning of 11 U.S.C. §552(b)(1) and, as such, is subject to Excel's security interest.

6. Section 552(b)(1) creates an exception to the general rule of Section 552(a) that after-acquired property of the estate or the debtor ``is not subject to any lien resulting from any security agreement entered

into by the debtor before the commencement of the case." Section 552(b)(1) provides, in pertinent part:

> Except as provided in sections 363, 506(c), 522, 544, 545, 547, and 548 of this title, if the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, product products, offspring, or profits of such property, then such security interest extends to such proceeds, product products, offspring, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptcy law, except to any extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise.

7. As will be shown below, both the security agreement and applicable non-bankruptcy law mandate that the Deposit constitutes proceeds of the collateral.

8. The Mortgage provides, under the heading "MORTGAGED PROPERTY", at paragraph "E" (page 3), that the property subject to the Mortgage lien includes "all the estate, right, title, interest, property, possession, claim and demand whatsoever, at law as well as in equity, of the Mortgagor of, in and to, and *all proceeds of any sales or other dispositions of, the property* described in Paragraphs (A), (B), (C) and (D) above and this Paragraph (E)" (Emphasis added).

9. In addition, applicable non-bankruptcy law provides that "a purchaser who defaults at a foreclosure sale is generally liable to the mortgagee for any deficiency between its bid and the amount obtained at a resale", and that "[w]hen there is a deficiency between the sum bid at the initial sale and the sum bid at the resale, the deposit of the successful first sale bidder is applied to the shortfall". 3 *Bergman on New York Mortgage Foreclosures,* §30.07[3][a] (2009), *citing, inter alia, Renaissance Complex Redevelopment Corp. v. Renaissance Assocs.,* 225 A.D.2d 680 N.Y.S.2d 248 (1st Dep't 1998);

*Bertino v. Kalmanash,* 94 A.D.2d 794, 463 N.Y.S.2d 44 (2nd Dep't 1983)[1].

10. In view of the above, there can be no question that the Deposit constitutes "proceeds" of the collateral, since they were obtained solely in connection with the sale of the Premises. This is supported by the legislative history of Section 552(b), which states that proceeds "covers any property into which property subject to the security interest is converted". *H.R. Rep. No. 595*, 95th Cong., 1st Sess. 376-77 (1977). Consequently, the Trustee is not entitled to the relief sought in the Motion.

11. Section 552(b)(1) also provides that the Court may order otherwise "after notice and a hearing and based on the equities of the case". It is respectfully submitted, however, that a balancing of the equities militate in favor of deeming the Deposit to be proceeds of the collateral.

12. As set forth in the Motion, Excel and the Trustee entered into a "Carve-Out" Stipulation which was so-ordered by this Court on February 20, 2009 (a copy of which is annexed hereto as Exhibit "C"), wherein Excel and the Trustee agreed to carve out a portion of the proceeds of sale subject to Excel's lien for the benefit of the Trustee, his professionals, and the estate, even though Excel would likely receive less than the full amount of its lien as a result.

13. Moreover, paragraph 4 of the Carve-Out Stipulation, which was drafted by the Trustee, states that "[t]he Trustee hereby waives (for himself, his successors and his professionals) any other right to seek compensation from the proceeds of the Collateral pursuant to §506(c) of the Bankruptcy Code other than what is set forth herein". Yet by seeking to have the Deposit deemed property of the estate, the Trustee is trying to do exactly what he waived the right to do under the Carve-Out Stipulation in order to gain a

---

[1] "Applicable nonbankruptcy law" includes case law as well as statutory law. *See Collier on Bankruptcy,* ¶552.02[3] (2009).

windfall at the expense of Excel which, even including the Deposit, will still not be made whole. Thus, it would be inequitable to allow the Trustee to retain the Deposit and this Court, therefore, should not deem any part of the Deposit to be property of the Estate.

## CONCLUSION

14. For all of the reasons set forth above, Excel respectfully requests that this Court enter an Order denying the instant Motion in all respects, plus grant such other and further relief as is just and proper.

Dated: Garden City, New York
September 11, 2009

                        **BERKMAN, HENOCH, PETERSON & PEDDY, P.C.**
                        Attorneys for Excel Capital Group Corp.

            By:    /s/Bruce D. Mael
                    Bruce D. Mael (BDM 8038)
                    100 Garden City Plaza
                    Garden City, NY 11530
                    (516)222-6200

O:\BHPP Department Data\Bankruptcy Department Data\Bruce Mael\singh\deposit - opp.wpd