**BERKMAN, HENOCH, PETERSON,
PEDDY & FENCHEL, P.C.**
Attorneys for Excel Capital Group Corp.
100 Garden City Plaza
Garden City, New York 11530
(516) 222-6200
Bruce D. Mael (BM 8038)

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hearing Date: 8/5/10 |
| EASTERN DISTRICT OF NEW YORK | Time: 2:30 p.m. |

-----------------------------------------------------------X
IN RE:                                                                         Chapter 13

      AMARJIT KAUR SINGH,                              Case No. 08-47147-CEC

                  Debtor
-----------------------------------------------------------X

**OBJECTION OF EXCEL CAPITAL GROUP CORP.
TO DEBTOR'S MOTION FOR AN ORDER DIRECTING
RICHARD McCORD, CHAPTER 7 TRUSTEE,
CERTILMAN BALIN ADLER & HYMAN, LLP AND
BERKMAN, HENOCH, PETERSON, PEDDY & FENCHEL, P.C.
TO DELIVER TO THE DEBTOR ALL THE BOOKS AND RECORDS
<u>OF THE DEBTOR IN THEIR POSSESSION OR UNDER THEIR CONTROL</u>**

**TO:    THE HONORABLE CARLA E. CRAIG,
          CHIEF UNITED STATES BANKRUPTCY JUDGE:**

       Excel Capital Group Corp. ("Excel"), formerly a secured creditor of the above-captioned Debtor, by its attorneys Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., hereby submits its objection to the Debtor's Motion for an Order Directing Richard McCord, Certilman Balin Adler & Hyman, LLP, and Berkman, Henoch, Peterson & Peddy, P.C. ("BHPP") to Deliver to the Debtor's Counsel all Property and Books and Records of the Debtor in Their Possession, Custody or Control (the "Motion"). In furtherance thereof, Excel respectfully sets forth and alleges as follows:

1. The Motion should be denied in the first instance because it is not properly before this Court. An action to compel the turnover of property of the estate under Section 542(a) must be brought by adversary proceeding and not by motion. Fed. R. Bankr. P. 7001(1). The Debtor failed to commence an adversary proceeding to request the relief it seeks.

2. Even if the Court is willing to overlook the Motion's procedural failings, the Motion should still be denied. Upon receipt of this Motion, the undersigned undertook a complete review of this firm's files with respect to the instant case. The result of said review is that BHPP is not in possession of any property, books or records of the Debtor.

3. It is significant to note, however, that nowhere in this Motion does the Debtor's counsel even allege that he ever requested that BHPP turn over any books and records of the Debtor in its possession prior to bringing this Motion, let alone inquire as to whether BHPP even had any such documents. Had he done so, this Motion (or at least BHPP's involvement in same) would have been entirely unnecessary.

4. In addition, the Scheduling Order for this Motion states that Debtor is seeking turnover of "property" as well as books and records, although the supporting Affirmation only addresses turnover of books and records and does not specifically identify any other property. If, however, the Debtor is seeking turnover of any of the proceeds of the sale of the real property located at 930 Hempstead Turnpike, Franklin Square, New York (the "Property"), then Excel objects strenuously to the grant of any such relief, since said proceeds include $15,000.00 which constitute proceeds of Excel's collateral and, accordingly, should be turned over to Excel.

5. As this Court may recall, the Chapter 7 Trustee sold the Property, which Property was Excel's collateral, at public auction. The first auction resulted in a successful bid of $310,000.00 and the successful

bidder remitted a deposit of $15,000.00 (the "Deposit") to the Chapter 7 Trustee. That bidder then defaulted on the purchase and, as a result, forfeited his deposit.

6. By Notice of Motion dated August 28, 2009, the Chapter 7 Trustee moved this Court for an order authorizing him to retain the Deposit as liquidated damages and deeming the Deposit to be property of the estate. Excel opposed that motion, asserting that the Deposit constitutes "proceeds of [Excel's] collateral" within the meaning of 11 U.S.C. §552(b)(1) and, as such, is subject to Excel's security interest.

7. Following the initial hearing on that Motion on September 17, 2009, the Court adjourned the Motion and afforded the parties an opportunity to resolve the matter. The parties did finally come to a resolution and, on or about November 5, 2009, entered into a Stipulation resolving the Chapter 7 Trustee's Motion, which was submitted to the Court to be "so-ordered".

8. At or about the same time, however, the Debtor was seeking to convert her case to a case under Chapter 13 and was ultimately successful in doing so. As a result, the Court declined to "so-order" the Stipulation. Consequently, the Chapter 7 Trustee's Motion has never actually been brought to a final resolution.

9. Since, as set forth in Excel's Objection to the Chapter 7 Trustee's Motion, the Deposit constitutes proceeds of Excel's collateral within the meaning of Section 552(b)(1), it should not be turned over to the Debtor but, rather, to Excel.

**WHEREFORE,** Excel respectfully requests that this Court enter an order consistent with the above, plus grant such other and further relief as is just and proper.

Dated: Garden City, New York
July 29, 2010

        **BERKMAN, HENOCH, PETERSON,**
        **PEDDY & FENCHEL, P.C.**
        Attorneys for Excel Capital Group Corp.

By:   s/Bruce D. Mael
      Bruce D. Mael (BDM 8038)
      100 Garden City Plaza
      Garden City, NY 11530
      (516)222-6200

O:\BHPP Department Data\Bankruptcy Department Data\Bruce Mael\singh\turnover - obj.wpd

4