**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

_____ 08-47147

Re:

        **AMARJIT KAUR**          Chapter 13

        Debtor

_____


AFFIRMATION IN SUPPORT OF MOTION TO STRIKE THE CLAIM FILED BY CHAPTER 7 TRUSTEE


**THERE IS NO EXCEPTION TO DISCHARGE BARRING THOSE ENUMERATED UNDER SECTION 523**

**1.** Debtor was put into Chapter 7 liquidation on October 24, 2008 to save (debtor reason for filing) properties. She had two properties a commercial bearing address 930 Hempstead Turnpike, Franklin Square, New York 11010 (the "Commercial Property") and another residential with an address of 87-53 133rd Street Richmond Hill, NY 11418.

2. Richard McCord, Esq. ("McCord") was appointed as the Chapter 7 Trustee.

3. A meeting of creditor under Section 341 meeting was conducted by McCord on November 24, 2008, wherein the debtor was to be examined. The debtor was accompanied by her then attorney David Waltzer. None of the provisions of section 341 were explained to her, interalia , <u>the debtor's ability to file a petition under a different chapter of this title</u> and  <u>the effect of receiving a discharge of debts under this title—</u>as is mandated under Section 341[(d).

4. A review of the Meeting of Creditors tape would make it abundantly clear as to what transpired here. In terms of content, the debtor, I am not sure if she understood what really happened here.

5.      The residential property was abandoned and the commercial property was sold and there is a surplus money lying with the Chapter 7 Trustee which he has not handed over to the debtor till date.

6.      McCord, files a proof of claim loaded with administrative fees. None of the fees that he claims he has accrued has any substance in it.   None what he did would have benefited any unsecured creditor or estate.    Only benefit if there was, went solely to McCord, his Law-firm and one secured creditor Excel Capital Group Corp ("Excel"). Benefit or assuaging the tremendous loss of the debtor was not anyone's concern here. Rightly so, for the Code speaks about Trustee duty only to the Estate!     McCord wants more than what he gained by selling the commercial property.      Incredibly, a substantial part of his fees  was incurred in time and special talent that he  used in opposing the debtor motion to convert.   He kept opposing and still opposes and wants reconversion to Chapter 7.  Interestingly, not even a single word has been uttered about as to what benefit would this opposition bring to the estate. For whose benefit is McCord fighting?

7.      McCord now, along with his team of lawyers, wants that they be paid from a debtor and her post petition wages.  Not only do they want to keep what was gained by selling the commercial property, they want more, for they claim that they worked. McCord  and his firm widens their reach beyond the estate and now wants to rope in sweat of debtor  and her family to reimburse them. This can't be and it draws a different map of bankruptcy code.

8.      The proof of claim filed by McCord is improper and not sustainable under any theory of law or equity and is clearly an abuse of the process of bankruptcy code. It thwarts the debtor from reorganizing and retaining her home.

9       Proof of Claim, deriving justification from accrued administrative claim in administering the chapter 7 estate or rather a commercial creditor's interest warrants its quashing.  Fact that it has been approved by this court, cannot be used as a basis to approve it, for law does not permit it.  For argument sake, I will presume that there is a valid Proof of Claim of the Claimant that needs to be addressed.

10.     Facts speaks for themselves, the Record is Clear: there was no estate to be administered—only properties-- a commercial and a residential one: warranted only one treatment i.e. abandonment.

11.     Trustee undertakes to sell that property on behalf of the commercial creditor (Excel—creditor finds that as an opportune moment, for the Supreme Court foreclosure proceeding would have taken a long journey. With reward to Trustee (as a carve out fees), the creditor avoided paying for referee and or confronting possible challenges from the debtor. Trustee acted in the best interest of this creditor. Trustee claim and sole claim lies against Excel and not the Estate.

12.     In any manner, McCord cannot ask or impose burden on present debtor or her post petition income regarding his unpaid bills.

13.     This is a simple construct of law--law is to be applied as it is.

14.     An order of Discharge was entered on January 27 2009 in this case, while proceedings were pending under Chapter 7 case.

15.     A Chapter 7 discharge relieves a debtor from all dischargeable debts that the debtor owed on October 28, 2008 the date of the order for relief. 11 U.S.C. § 727(b).

>    (b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

16.     It also discharges a debtor from any obligation that arises after the order for relief but which the Bankruptcy Code treats as arising before the filing of the petition. id.

17.     A "debt" is defined as liability on a claim (11 USC 101 (12)) and "claim against the debtor" includes claims against property of the debtor. 11 USC 102 (2).

18.     Debts of Debtor have been discharged under 727 and all claims against her and her property are eliminated.

**McCord Claim Violates Discharge Injunction.**

19.     Chapter 7 Trustee, Richard McCord ("McCord") has filed a proof of claim in this matter under section 501 of the Code.  And he wants to saddle the instant Chapter 13 Debtor with the Administrative fees.

20.     McCord violates Section 524 of the Code, when he attempts to collect from debtor's Post Petition/post-discharge earning.

21.     Section 524 (a)(2() proscribes the commencement or continuation of any action, the employment of a process, or any act to collect, recover, or offset any discharged <u>debt as a personal liability of the debtor or  from property of the debtor</u>.  S. Rep. No. 95-989, at 80(1978); H.R. Rep. No. 95-595, at 366 (1977).

    a.     For the interpretation of statutes, "intent of the legislature" is the criterion and that intention here is very clear. <u>Roche Palo Alto LLC v. Ranbaxy Laboratories Ltd</u>., 551 F. Supp. 2d 349 (D.N.J. 2008).

9.      Discharge was granted in this case on January 27, 2009 pursuant to section 706 of the Code-- it is clear that Nothing in § 348 disturbs the pre-conversion entry of discharge in the Chapter 7 case.

10.     § 348 does not re-create personal liability if a discharge was entered before conversion.

11.     Discharge is in effect.

12.     In a Chapter 7 case converted to Chapter 13 after discharge, § 727(b) discharges the debtor "from all debts that arose before the date of the order for relief [in the Chapter 7 case], and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the [Chapter 7 case]." 11 U.S.C. § 727(b).

13.     Mccord files a Proof of Claim burdening the debtor to pay him in the Chapter 13 Case, which is a debt that which have been discharged in Chapter 7, despite clear mandate of section 502(b)(1) which disallows any claim that is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law."   11 U.S.C. § 502(b)(1).

14.     The unsecured debt scheduled in the Chapter 7 case that was discharged under § 727(b) would be disallowed by § 502(b)(1) because that debt is "unenforceable against the debtor and property of the debtor" by virtue of § 727(b).

15.     Upon conversion from Chapter 7 to Chapter 13, § 348(b) alters the language of § 1305(a)(2) so that proof of a postpetition claim may be filed under § 1305(a)(2) <u>but only with respect to a consumer debt necessary for the debtor's performance under the plan that arises *after conversion.*</u>  McCord claim is not related to such consumer claim.

16.     The Bankruptcy Code provides that a Chapter 7 debtor may be discharged from all debts, except for those specified in 11 U.S.C.S. § 523. <u>Fickling v. Flower, Medalie & Markowitz</u>, Esqs. (In re Fickling), 361 F.3d 172 (2d Cir. N.Y. 2004).

17.     Administrative claims are not exempted from discharge. <u>In re Fickling.</u>

18.     Administrative claims are discharged upon entry of discharge. In re Fickling

19.     Just because McCord claims are administrative claims, it does not mean they are not dischargeable, the only difference it makes is regarding priority.  We cannot read section 503 in a way that which will create an exception or impair the efficacy of discharge. We must shun interpreting a provision in a way that would render other provisions of the Act superfluous or unnecessary.   See <u>Ratzlaf v. United States</u>, 114 S. Ct. 655, 659 (1994); <u>kungys v. United Staes</u> 485 U.S. 759, 778 (1988)(Sclaia, J.,

plurality opion); South Carlona v. Catawba Indian Tribe, Inc., 476 U.S. 498, 510 n.22 (1986)

20. Section 523 exceptions are the only exemption to discharge. 11 USC 523 (a).

21. McCord cannot create additional exemptions. There is a clear presumption against creating exemptions in a statute that has none.  See City of Chicago v. Environmental Defense Fund 114 S. Ct. 1588, 1593 (1994).

22. "In view of the well-known purpose of the bankrupt law, exception to the operation of discharge there under should be confined to plainly expressed. . ."Gleason v. Thaw, 236 U.S. 558 (1915).

23. There cannot be any exceptions imputed in addition to those specified by Congress. United States v. Smith, 499 U.S. 160, 166-67 (1991).

24. McCord cannot burden Chapter 13 estate, which as of now is comprised of post-petition income of the debtor.  Words of a past Supreme Court Justice, William R. Day from a bankruptcy case (Stellwagen v. Clum, 245 U.S. 605, 617 (U.S. 1918) echoes clearly:

> The federal system of bankruptcy is designed not only to distribute the property of the debtor, not by law exempted, fairly and equally among his creditors, but as a main purpose of the act, intends to aid the unfortunate debtor by giving him a fresh start in life, free from debts, except of a certain character, after the property which he owned at the time of bankruptcy has been administered for the benefit of creditors. Our decisions lay great stress upon this feature of the law -- as one not only of private but of great public interest in that it secures to the unfortunate debtor, who surrenders  his property for distribution, a new opportunity in life. Neal v. Clark, 95 U.S. 704, 709; Traer v. Clews, 115 U.S. 528, 541; Hanover National Bank v. Moyses, 186 U.S. 181, 192; Wetmore v. Markoe, 196 U.S. 68, 77; Burlingham v. Crouse, 228 U.S. 459, 493.

25. What shocks the conscience here is that McCord continues to hold the estate money and does not turn over a single cent, yet files objection to plan and demands moneys from a consumer debtor post petition income. It is unacceptable.

26. McCord acts militates against the goal and spirit of bankruptcy law i.e. discharge of debts and a fresh start. Williams v. U.S. Fidelity & Guaranty Co., 236 U.S. 549, 35 S. Ct. 289, 59 L. Ed. 713 (1915); Local Loan Co. v. Hunt, 292 U.S. 234, 54 S. Ct. 695, 78 L. Ed. 1230, 93 A.L.R. 195 (1934); Seaboard Small Loan Corp. v. Ottinger, 50 F.2d 856, 77 A.L.R. 956 (C.C.A. 4th Cir. 1931); Gilbert v. Shouse, 61 F.2d 398 (C.C.A. 5th Cir. 1932); Klevmoen v. Farm Credit Administration, 138 F.2d 609, 150 A.L.R. 1172 (C.C.A. 8th Cir. 1943); Beall v. Pinckney, 150 F.2d 467, 470, 161 A.L.R. 1281 (C.C.A. 5th Cir. 1945) ("Bankruptcy statutes are no longer used primarily to punish an insolvent, but more often to release and rehabilitate him."); Susquehanna Chemical Corp. v. Producers Bank & Trust Co., Bradford, Pa., 174 F.2d 783 (3d Cir. 1949); State Finance Co. v. Morrow, 216 F.2d 676 (10th Cir. 1954); Atlantic Coast Line R. Co. v. St. Joe Paper Co., 216 F.2d 832 (5th Cir. 1954); In re Adlman, 541 F.2d 999 (2d Cir. 1976); Appeal of Moynagh, 560 F.2d 1028 (1st Cir. 1977); Girardier v. Webster College, 563 F.2d 1267 (8th Cir. 1977); Matter of Vickers, 577 F.2d 683, 17 C.B.C. 604 (10th Cir. 1978); In re Borgelt, 10 F. Supp. 113 (S.D. Ill. 1935), aff'd, 79 F.2d 929 (C.C.A. 7th Cir. 1935); In re Stine, 60 F. Supp. 703 (E.D. Mo. 1945); U.S. v. Ganaposki, 72 F. Supp. 982 (M.D. Pa. 1947); In re Rinker, 107 F. Supp. 261 (D.N.M. 1952); Savoy Record Co. v. Mercury Record Corp., 108 F. Supp. 957 (D.N.J. 1952); In re La Belle, 112 F. Supp. 447 (S.D. Cal. 1953); In re F.P. Newport Corp., 123 F. Supp. 95, 54-2 U.S. Tax Cas. (CCH) ¶9577, 48 A.F.T.R. (P-H) ¶1218 (S.D. Cal. 1954); Western Land Planning Co. v. Midland Nat. Bank, 434 F. Supp. 616 (E.D. Wis. 1977); In re Bradford, 6 B.R. 741, 3 Collier Bankr. Cas. 2d (MB) 39 (D. Nev. 1980); Adams v. S/Adams v. S/V Tenacious, 203 B.R. 297, 1997 A.M.C. 1880 (D. Alaska 1996).

**ESTATES: CHAPTER 7 vs. CHAPTER 13**

27. McCord obfuscate the clear boundaries of Estate of Chapter 7 and 13, as defined under Section 541 and 1306.

28. The filing of a voluntary petition, joint petition, or involuntary petition in a Chapter 7, 11, 12, or 13 case immediately creates a bankruptcy estate. 11 U.S.C. § 541(a).

29. The estate generally consists of property and interests in property that the debtor had at the moment of the filing of the debtor's bankruptcy petition. 11 USC 541

30. The limits to estate is also delineated by law. In a chapter 7, property that the debtor acquires after the date of the petition generally does not become part of the bankruptcy estate. 11 U.S.C. §§ 541(a)(6).

31. Kaur post petition income was not property of the estate under Chapter 7, however now it is under Chapter 13. So McCord's claim (without going to its merit) is only confined to the estate of Chapter 7 estate. Whatever administrative claims there are, are to be confined to the asset of the chapter 7 estate. It has never been heard that a debtor was personally burdened to pay the chapter 7 trustee so that he could carry his duties of marshalling and selling assets. It is the estate that bears the burden and not the debtor. Trustee does not represent the debtor, he represent the estate and it is sole source that the trustee must look at to reimburse. McCord does not represent chapter 13 estate and this estate is composed of only debtor's and her family members wages.

32. In a Chapter 13 case, property acquired by the debtor after the filing of the case becomes "property of the estate. 11 U.S.C. § 1306(a);

33. In 2005, owing to amendment to the definition of estate was expanded to subsume post petition earning of the debtor. In this case at bar, the post petition earning becomes property of estate and allowing Chapter 7 Trustee to derive compensation from such earning is impermissible, especially when in chapter 7 case, he would have been confined to estate of Chapter 7 without benefit of post petition income.

34. Trustee claims that he spend hours and days opposing debtor motion to convert. But that means nothing in terms of reality of this case. No interest of the estate or unsecured creditors were being safeguarded by the said trustee. Further, there is no provision in the Bankruptcy Code that expressly authorizes such an allowance of administrative expenses in the context of a voluntary conversion of a chapter 7 individual consumer case to one under chapter 13.

35. In case, Mccord still needs to be paid, then he has to hand over whatever he has gained from the sale of the commercial property, including the forfeited sum of a bidder—from **that estate property alone** would he be paid. Post-Petition wages of the debtor cannot be used to pay McCord or his firms professional fees.

Wherefore, it is respectfully submitted that, proof of claim as filed by the Trustee be stricken and cost be imposed for filing such a claim.

Dated: July 31, 2010  /s/ *Karamvir s. Dahiya*
New York New York  By:_____
  Karamvir S. Dahiya, Esq. for Debtor